# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMISSION | )<br>)<br>) Case No. 3:15-cv-00354 MCR |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| WESLEY ALLEN BROWN, EDWARD RUBIN, and MAVERICK INTERNATIONAL | )<br>)<br>)<br>) |
| Defendants. | ) |

**ANSWER AND DEMAND FOR JURY TRIAL OF WESLEY ALLEN BROWN, EDWARD RUBIN AND MAVERICK INTERNATIONAL TO COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL MONETARY PENALTIES, AND OTHER EQUITABLE RELIEF UNDER THE COMMODITY EXCHANGE ACT**

COME NOW Defendants Wesley Allen Brown, Edward Rubin, and Maverick International (collectively the "Defendants") and for their answer to the allegations in the Complaint assert as follows, and demand a trial by jury:

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. The allegations in Paragraph 8 relate to the intentions of the Commission to which no response is required.

9. The allegations in Paragraph 9 relate to the intentions of the Commission therefore no response is required.

10. Denied.

11. The allegations in Paragraph 11 are assertions of law to which no response is required.

12. The allegations in Paragraph 12 are assertions of law to which no response is required.

13. Denied.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. This is a Statement of Law to which no response is required.

19. This is a Statement of Law to which no response is required.

20. This is a Statement of Law to which no response is required.

21 This is a Statement of Law to which no response is required.

22. This is a Statement of Law to which no response is required.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Admitted.

55. Denied

56. Denied.

57. Denied.

58. Admitted.

59. Denied.

60. Denied.

## COUNT I

## FRAUD IN CONNECTION WITH COMMODITIES FUTURES CONTRACT

61. Defendants restate their responses to the previous allegations as if more fully set forth herein.

62. This is a Statement of Law to which no response is required.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## COUNT II

## FRAUD BY A COMMODITY POOL OPERATOR AND ASSOCIATED PERSON

69. Defendant restates their prior responses as if more fully set forth herein.

70. This is a Statement of Law to which no response is required.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## COUNT III

## FAILURE TO REGISTER AS A CPO

78. Defendants restate their prior responses as if more fully set forth herein.

79. Denied.

80. Denied.

81. Admitted.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

## COUNT IV

## FAILURE TO REGISTER AS AN AP OF A CPO

86. Defendants restate their prior allegations as if more set forth herein.

87. Denied.

88. Admitted.

89. Denied.

90. Denied.

## COUNT V

## FAILURE TO REGISTER AS AN AP OF A CPO

91. Defendants restates their prior responses as if more fully set forth herein.

92. Denied.

93. Admitted.

94. Denied.

95. Denied.

## COUNT VI

## FAILURE TO OPERATE AS A SEPARATE LEGAL ENTITY, IMPROPER ACCEPTANCE OF FUNDS, AND COMINGLING OF POOL FUNDS

96. Defendant's restates their prior responses as if more fully set forth herein.

97. This is a Statement of Law to which no response is required.

98. This is a Statement of Law to which no response is required.

99. This is a Statement of Law to which no response is required.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to allege fraud with particularity.

## SECOND AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the Defendants lack sufficient contacts with the State of Florida such that the Court lacks personal jurisdiction over the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

The Defendants operated for years prior to the enactment of the Frank Dodd Amendments and are not liable for any alleged violations of the Frank Dodd Amendments which occurred prior to the enactment of those amendments.

## DEMAND FOR JURY TRIAL

The defendants demand a trial by jury on all issues.

    WILCOX LAW FIRM

    */s/ Robert D. Wilcox*
Robert D. Wilcox
Florida Bar No. 755168
Elizabeth R.P. Bowen
Bar No. 097297
Andrew M. Bonderud
Florida Bar No. 102178
814 A1A North, Suite 202
Ponte Vedra Beach, FL 32082
Telephone: (904) 405-1248
Facsimile: (904) 513-9201
rw@wlflaw.com
eb@wlflaw.com
ab@wlflaw.com

    and

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Charles J. Brown, III*
Charles J. Brown, III (3368)
913 North Market Street, 10th floor
Wilmington, DE  19801
Phone: 302-425-5813 / Fax: 302-425-5814
cbrown@gsbblaw.com

*Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing to be filed through the CM/ECF system on May 6, 2015, which will cause a copy to be served electronically on Timothy J. Mulreany, Esq., Commodity Futures Trading Commission, 1155 21st St., N.W., Washington, DC 20581, tmulreany@cftc.gov. and all persons who have appeared and consented to electronic service.

***/s/ Robert D. Wilcox***
Robert D. Wilcox